**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tapestry on Central Condominium Association, | No. CV-18-04857-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Liberty Insurance Underwriters Incorporated, | |
| Defendant. | |

At issue is Defendant's Motion for Attorney's Fees (Doc. 56, Def. Mot.), to which Plaintiff filed a Response (Doc. 59, Pl. Resp.) and Defendant filed a Reply (Doc. 61 Def. Reply); also at issue is Plaintiff's Motion for an Award of Attorney Fees (Doc. 58, Pl. Mot.), to which Defendant filed a Response (Doc. 60, Def. Resp.) and Plaintiff filed a Reply (Doc. 62, Pl. Reply). The Court will also rule on Plaintiff's unopposed Motion to Amend Judgment (Doc. 57).

## I.    BACKGROUND

The parties and the Court are familiar with the facts and history of this case, so the Court will provide only the background necessary to resolve the pending motions. Plaintiff, the insured, brought a single breach of contract claim against Defendant, its insurer, alleging Defendant had failed to provide a defense in an underlying action against Plaintiff. At the summary judgment stage, the Court concluded the underlying action constituted two "Claims" within the meaning of that term in the parties' insurance policy. The Court

determined Defendant breached the insurance contract by failing to provide Plaintiff a defense as to one of the Claims, but that it owed no duty as to the other Claim. (Doc. 47 at 13.) Accordingly, it granted in part and denied in part summary judgment to both parties.

The next round of briefing dealt with determining the amount of contract damages—*i.e.*, the defense costs Plaintiff expended in the underlying action—Defendant owes Plaintiff for its breach. Adopting the framework employed by other jurisdictions in comparable actions, the Court held that Plaintiff, as the insured, must produce documentary evidence of the underlying defense costs. It is then Defendant's burden to demonstrate whether and how those fees can be allocated between the noncovered and the covered Claims in the underlying action. (Doc. 53 at 5.) Plaintiff presented sufficient evidence that it spent $116,826.14 defending the underlying action. Defendant met its burden in apportioning $31,928 from that sum in unrelated fees and fees related solely to the noncovered Claim. However, Defendant failed to meet its burden to show the remaining $84,898.14 did *not* go toward defending the covered Claim. The Court therefore held Plaintiff was entitled to $84,898.14 in defense fees. (Doc. 53 at 7.)

Now before the Court are the parties' cross-motions on attorneys' fees related to the prosecution and defense of this case.

## II.    ANALYSIS

### A.    Prejudgment Interest

Before the Court turns to the parties' attorneys' fees motions, it will first resolve Plaintiff's unopposed Motion to Amend Judgment. Although Plaintiff requested prejudgment interest in its Complaint (Doc. 2 Ex. 1 at 4), it did not brief or substantively address it in its memorandum on defense costs, and the Court therefore declined to *sua sponte* calculate prejudgment interest. Plaintiff now seeks to amend the judgment to include prejudgment interest.

Prejudgment interest on a liquidated claim is a matter of right under Arizona law, and is calculated as the lesser of 10% annum or 1% annum plus the prime rate. *See* A.R.S. § 44-1201; *AMHS Ins. Co. v. Mut. Ins. Co. of Ariz.*, 258 F.3d 1090, 1103 (9th Cir. 2001).

1   Defendant did not respond to or contest Plaintiff's claim of prejudgment interest at the rate
2   of 10% annum over 561 days on a $84,898.14 judgment, or $13,048.73. *See* LRCiv 7.2(i)
3   (noting failure to respond to a motion "may be deemed a consent to the . . . granting of the
4   motion and the Court may dispose of the motion summarily").

5       Accordingly, the Court grants Plaintiff's Motion and amends the judgment to reflect
6   a final judgment of $97,946.87 in Plaintiff's favor.

7       **B.    Attorneys' Fees**

8       "A federal court sitting in diversity applies the law of the forum state regarding an
9   award of attorneys' fees." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th
10  Cir. 2000). Both parties request fees pursuant to Arizona's fee statute in a contract action.
11  That provides, "In any contested action arising out of a contract, express or implied, the
12  court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A).

13      **1.    Successful Party under A.R.S. § 12-341.01(A)**

14      The present action indisputably arose out of a contract—the insurance policy. The
15  parties argue over who the "successful party" is. Determining the successful party is within
16  the Court's discretion. *Schwartz v. Farmers Ins. Co. of Ariz.*, 800 P.2d 20, 25 (Ariz. Ct.
17  App. 1990). Defendant contends it is the successful party because it prevailed on half of
18  the "Claims" and Plaintiff was not awarded the full amount of defense costs it sought.
19  Plaintiff argues it is the successful party because it was awarded judgment on the one and
20  only claim it brought, breach of contract, and was ultimately awarded $84,898.14 in
21  damages, or 73% of the $116,826.00 that it requested.

22      The Court finds Plaintiff has the better position on this point. While Plaintiff was
23  not entirely successful in that the Court concluded Defendant owed no duty to defend on
24  the Hodeaux Claim, the Court still held Defendant breached its contract—the only claim
25  Plaintiff raised. This is unlike the *Schwartz* case Defendant relies on (Def. Mot. at 3), in
26  which the court found the defendant was the "successful party" in a bad faith action, even
27  though it lost on the breach of contract claim. *Schwartz*, 800 P.2d at 15. There, the contract
28  claim was for $2,000, whereas the bad faith claim requested punitive damages in an amount

that would "punish" the defendant, a "profitable enterprise" worth $266,437,727. *Id*. Moreover, the court described the bad faith claim that the defendant prevailed on as the "major issue to be decided in the litigation." *Id*. Here, there were two "Claims" under the policy in the underlying action, not two claims in this litigation. Plaintiff partially prevailed on its single cause of action.

Partial success does not preclude a finding that the party was successful under § 12-341.01. *Lee v. ING Inv. Mgmt.*, LLC, 161, 377 P.3d 355, 358 (Ariz. Ct. App. 2016) (awarding attorneys' fees to the plaintiff as successful party when he accepted an offer of judgement of $900,000, one-third the amount he initially sought); *see also Sw. Concrete Paving Co. v. SBBI, Inc.*, 2018 WL 2307002, at *4 (Ariz. Ct. App. May 22, 2018) (finding the plaintiff the successful party when it recovered $68,000 of its original $442,602 demand); *Suenos LLC v. Goldman*, 699 F. App'x 688, 689 (9th Cir. 2017) ("The central disputed issue was whether Goldman breached the contract, and Suenos established Goldman's liability on this claim, notwithstanding that the damages award was smaller than Suenos desired."). "Furthermore, although a monetary award is not alone dispositive, it is still an important item for the court to consider when deciding who, in fact, did prevail in the litigation." *Lee*, 377 P.3d at 358 (internal quotations and brackets omitted). Here, Plaintiff was awarded 73% of its requested monetary relief. Although the Court ruled in favor of Defendant on the Hodeaux Claim, the Court has no trouble concluding that Plaintiff, overall, was the successful party under § 12-341.01.

### 2.     Entitlement & Reasonableness

Having concluded Plaintiff is statutorily eligible for an award of fees, the Court must determine whether an award is appropriate under the circumstances of this case. This requires evaluating six factors: (1) the merits of the unsuccessful party's claim or defense; (2) whether litigation could have been avoided or settled; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) the novelty of the issues; and (6) whether the

award will overly deter others from bringing meritorious suits. *See Assoc. Indemnity Corp. v. Warner*, 694 P.2d 1181, 1183 (Ariz. 1985).

The first *Warner* factor favors Defendant. The Court agrees with Plaintiff that Defendant raised a questionable argument or two, such as those related to the definition of a "construction defect" under the policy. However, those arguments were minor and peripheral to the major issues: primarily, whether the underlying action constituted one or two Claims under the policy, and secondarily, whether the mixed action rule applies. On the whole, Defendant's defenses were meritorious, hard-fought, and garnered success as to the Hodeaux Claim.

The second factor provides little guidance. Plaintiff contends Defendant frustrated its efforts to settle by unreasonably conditioning settlement on reaching a global resolution of this case and another case. (Pl. Mot. at 5.) Plaintiff also asserts Defendant refused to engage in mediation. Defendant responds that Plaintiff never even made a demand to settle this case, and that Defendant "indicated it wanted to see the documents responsive to its discovery request before participating in a mediation, which Plaintiff had failed to produce." (Def. Reply at 7.) The Court cannot glean from the limited record and parties' countervailing arguments whether the case could or should have settled earlier, and who, if anyone, impeded that ability. It declines to step into the mindset of either party with respect to their strategies related to the same.

The third factor weighs in favor of Plaintiff, as Defendant has not argued a fee award for Plaintiff would cause Defendant hardship. As already discussed, Plaintiff won on its single breach of contract claim, but its damages award is not the full amount it requested because Defendant prevailed with respect to the Hodeaux Claim. Therefore, the fourth factor does not clearly point in one direction or the other.

The fifth factor weighs against an award of fees. As the Court observed in several Orders, this case presented unique and complex insurance and contract issues whose precise iteration has not, to this Court's knowledge, been confronted by any other court.

(Doc. 47 at 14; Doc. 53 at 4.) Novelty of the issues counsels against awarding fees. *See Scottsdale Mem'l Health Sys., Inc. v. Clark*, 791 P.2d 1094, 1099 (Ariz. Ct. App. 1990).

The sixth factor favors an award of fees. The Court does not anticipate an award would have a chilling effect on future cases precisely because of the unique nature of this case. A bare duty-to-defend provision is, as the parties have conceded throughout the litigation, relatively uncommon. The Court perceives a low risk that a similar case will present itself to the Court in the future. Moreover, the Court agrees with Plaintiff's argument that a "denial of an award will deter policyholders from litigating smaller coverage claims, such as this one, where reasonable attorneys' fees approach or exceed the value of the denied benefit." (Pl. Mot. at 6.) These considerations weigh in favor of a fee award.

In sum, two *Warner* factors favor an award of fees, two factors decidedly counsel against an award, and two factors are not instructive either way. This equilibrium leads the Court, in its discretion, to reduce Plaintiff's fee award to 25% of its requested amount of $132,048.70. That amount is $33,012.18. To award more would minimize the closeness of the case and overlook Defendant's successful defense on the Hodeaux issue. To award less—or nothing at all—would also ignore Plaintiff's ultimate success and disregard the fact that Plaintiff was forced to bring this suit and incur attorneys' fees in the first place because its insurer wrongfully breached its contractual duty.

Defendant does not contest the reasonableness of Plaintiff's $132,048.70 fee application; in fact, Defendant's own fee request is for $128,995. (Def. Mot. at 8.) Instead, Defendant argues Plaintiff's counsel is limited to the amount set forth in his contingency fee agreement with Plaintiff, or 35% of Plaintiff's recovery. (*See* Pl. Mot. Ex. 2.) The Court agrees with Defendant in legal principle: § 12-341.01(B) "limits recovery of attorneys' fees by a prevailing party in an action arising out of contract to that amount specified in a contingency agreement between the prevailing parties and their counsel." *Marcus v. Fox*, 747 P.2d 1223, 1224 (Ariz. Ct. App. 1987); *see also see Rodriguez v. ACCC Ins. Co.*, No. CV-16-00998-PHX-ROS, 2019 WL 1787343, at *2 (D. Ariz. Apr. 24, 2019) ("When a

contingency agreement is involved . . . the agreed-upon contingency is a maximum amount the Court can award.") However, because 35% of the $97,946.87 amended judgment—or $34,281.40— is more than the amount the Court awards pursuant to § 12-341.01(A), the capping rule is inapplicable.

**IT IS THEREFORE ORDERED** granting Plaintiff's Motion to Amend Judgment (Doc. 57). The judgment entered at Doc. 54 shall be amended to include Plaintiff's prejudgment interest in the amount of $13,048.73 for a final judgment of $97,946.87 in Plaintiff's favor.

**IT IS FURTHER ORDERED** granting in part Plaintiff's Motion for an Award of Attorney Fees (Doc. 56). Plaintiff is awarded attorneys' fees in the amount of $33,012.18 under A.R.S. § 12-341.01.

**IT IS FURTHER ORDERED** denying Defendant's Motion for Attorney's Fees (Doc. 58).

**IT IS FURTHER ORDERED** that this case remain closed and that the Clerk of Court shall accept no further filings.

Dated this 30th day of September, 2020.

Honorable John J. Tuchi
United States District Judge